UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JERMAINE HARVEY,

Plaintiff,

v.

CHRIS KING et al.,

Defendants.

Case No. 1:26-cv-1190

Honorable Robert J. Jonker

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

events about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues the following LRF staff: Warden Chris King, Business Office Manager Ken McComb, and Food Service Supervisor Frank Noble.

In Plaintiff's complaint, he alleges that on December 30, 2022, during his work shift in food service, Plaintiff needed to place five prepared dinner trays in the cooler, but the cooler was locked. (Compl., ECF No. 1, PageID.3, 4.) Due to "an emergency back in [Plaintiff's] unit," Plaintiff asked another prisoner cook to put the dinner trays in the cooler.[1] (*Id.*, PageID.4.) Plaintiff "later f[ou]nd out that [Defendant] food service supervisor Frank Noble told the other cook not to put the five trays in the cooler and purposely left them out overnight . . . ." (*Id.*) Plaintiff alleges that Defendant Noble "knew that the trays were there because they were in plain sight on the countertop," and that leaving the trays out overnight was Defendant Noble's "attempt to have [Plaintiff] fired from [his work] detail." (*Id.*)

The following week, on January 8, 2023, Plaintiff received a "callout" with his work detail switched. (*Id.*, PageID.3.) Within a day or two, Plaintiff received a "bad . . . work report for a situation that was not [his] fault [i.e., the trays being left out overnight]," which Plaintiff attributes to why his work detail was switched. (*Id.*) Plaintiff does not indicate who changed his work detail or wrote the negative work report. (*See id.*) Plaintiff alleges that the above-described events occurred "right after the food service found [out] that [Plaintiff] file[d] a lawsuit" against three non-parties. (*Id.*, PageID.3, 4.)

[1] In this opinion, the Court corrects the punctuation and abbreviations in quotations from Plaintiff's filings.

On an unspecified date, Plaintiff filed a new grievance and claims that "food service was informed of that grievance [by] the end of February [2023]." (*Id.*, PageID.5.) Plaintiff "predicted future retaliation" from filing this grievance, and on March 4, 2023, "food service wrote a false misconduct that terminated [Plaintiff] from a new [job] position." (*Id.*, PageID.4, 5.) According to Plaintiff, the misconduct report involved another inmate stealing a pan of sugar and that inmate "handed [Plaintiff] the pan while [the inmate] was being chased by [Defendant] Noble." (*Id.*, PageID.5.) Plaintiff "grabbed the pan when [the other inmate] handed it to [Plaintiff]" because Plaintiff believed it had vegetables for his own trays. (*Id.*) The misconduct hearing report was provided to Plaintiff on March 22, 2023, and Plaintiff was "found guilty because of [Defendant] food service Noble's statement, which was false." (*Id.*)

Following the misconduct report, Plaintiff was not allowed to return to work. (*Id.*) He appealed and filed grievances on unspecified dates regarding "the whole way the matter was handled." (*Id.*) Then, on March 27, 2023, "unknown officers" took several of Plaintiff's belongings during a cell search. (*Id.*, PageID.5, 6.) Plaintiff filed an Administrative Board Prisoners' Property Claim Form on an unspecified date and has "contacted both the Administrative Board and the Grievance Coordinator at [LRF]," on unspecified dates, but has not received a response. (*Id.*, PageID.6.) Plaintiff alleges that all the above-described events occurred because he filed grievances on unspecified dates against three non-party individuals and filed a lawsuit against these non-parties. (*Id.*, PageID.3.)

Based on the foregoing allegations, Plaintiff avers that his First Amendment right to be free from retaliation was violated by Defendants. The Court also construes Plaintiff's complaint to raise a Fourteenth Amendment substantive due process claim. Plaintiff seeks monetary damages only.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Statute of Limitations

In this action, Plaintiff asserts claims for events that occurred between December 30, 2022, and March 27, 2023, more than three years before this action was filed. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Without tolling, Plaintiff's complaint appears to be untimely. However, the statute of limitations for § 1983 claims may be tolled for the period during which a plaintiff's available state administrative remedies were being exhausted, and Plaintiff does not assert whether he exhausted his administrative remedies and what time, if any, was spent on that process. *See Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000). A claim barred by the statute of limitations is subject to dismissal for failure to state a claim, *see Jones v. Bock*, 549 U.S. 199, 215 (2007); however, at this time, the Court is unable to determine when Plaintiff's claims accrued because it is not clear when Plaintiff exhausted his administrative remedies. Therefore, the Court will address Plaintiff's claims on the merits below.

**B. Defendants King and McComb**

Plaintiff lists LRF Warden King and LRF Business Office Manager McComb as Defendants in this action; however, in the body of the complaint, Plaintiff fails to allege any facts showing how Defendants King and McComb were personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendants King and McComb in the body of his complaint. (*See generally* Compl., ECF No. 1.) Plaintiff instead refers to "all of the defendants" and "the defendants." (*Id.*, PageID.3.) The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). And, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Plaintiff's references to "all defendants," (*see* Compl., ECF No. 1, PageID.3),

are insufficient to show that Defendants King and McComb were personally involved in the alleged violations of Plaintiff's constitutional rights. Therefore, Plaintiff's claims against these Defendants fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff seeks to hold Defendants King or McComb liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants King or McComb encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, Plaintiff's claims against Defendants King and McComb will be dismissed for failure to state a claim.

### C. Defendant Noble

#### 1. First Amendment Retaliation Claims

Plaintiff alleges that his First Amendment rights were violated. (Compl., ECF No. 1, PageID.3.) The Court construes Plaintiff's complaint to raise a claim that his right to be free from retaliation under the First Amendment was violated when Defendant Noble failed to put food trays in the cooler on December 30, 2022, and made a false statement in Plaintiff's misconduct hearing report on March 22, 2023.[2]

[2] Plaintiff also alleges he received a callout with his work detail switched and a "bad work report" on or around January 8, 2023, but he does not allege that these were written by, authorized by, or in any way involved Defendant Noble. (*See* Compl., ECF No. 1, PageID.3.) Additionally, Plaintiff's allegation regarding the misconduct report issued on March 4, 2023, states that "*food service* wrote a false misconduct," not that the misconduct report was issued or authorized by Defendant Noble. (*Id.*, PageID.4, 5 (emphasis added).) Furthermore, Plaintiff alleges that on March 27, 2023, unnamed non-party officers took Plaintiff's belongings during a cell search. (*Id.*, PageID.5, 6.) To the extent that Plaintiff intended to raise these events as part of his retaliation claim, he has neither named Defendant Noble in those allegations, nor has he identified any other individuals, unnamed or not, in the caption of his complaint in connection with these events. Plaintiff's allegations to support any claim of retaliation based on these events therefore fall short of the minimal pleading standards of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(a).

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

**a. Protected Conduct**

With respect to the first element of a First Amendment retaliation claim, Plaintiff alleges he filed a lawsuit against three non-parties (Compl., ECF No. 1, PageID.3, 4), filed grievances on unspecified dates before he filed his lawsuit against the non-parties (*see id*., PageID.3), filed a grievance on an unspecified date before March 4, 2023 (*see id*., PageID.4, 5), and he filed a grievance on an unspecified date, following his misconduct hearing report on March 22, 2023. (*See id*., PageID.5.)

Reviewing publicly available court dockets, it appears that Plaintiff's reference to his prior lawsuit is to *Harvey v. Yoder et al*., No. 1:23-cv-45 (W.D. Mich.), a civil rights action that Plaintiff filed in this Court on January 11, 2023, against non-parties he names in this action. At this stage of the proceedings, the Court assumes, without deciding, that Plaintiff's civil rights litigation and grievances were protected conduct and satisfy the first element of his First Amendment claim. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002); *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016).

**b. Adverse Action and Retaliatory Motive**

Next, to establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendant's conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell*, 308 F.3d at 606. Finally, to satisfy the third element of a retaliation claim, Plaintiff must allege facts that support an inference that the alleged adverse action was motivated by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.

**i. Food Trays Left Overnight**

Plaintiff alleges that Defendant Noble purposely left food trays out overnight on December 30, 2022, "in an attempt to have [Plaintiff] fired from his [work] detail." (Compl., ECF No. 1, PageID.3, 4.)

Generally, losing a job assignment in prison may be considered an adverse action. *See Newsom v. Norris*, 888 F.2d 371 (6th Cir. 1989). Here, Plaintiff's allegations indicate that Defendant Noble left the food trays out on December 30, 2022 in an *attempt* to cause Plaintiff to lose his job. Even if leaving the food trays out prompted the issuance of the "bad work report" on January 8, 2023, and Plaintiff's job assignment was switched as a result, Plaintiff does not indicate that Defendant Noble authored the report nor does Plaintiff provide any other facts regarding any harm caused by his new job assignment. (*See* Compl., ECF No. 1, PageID.3.) Under these circumstances, Plaintiff's allegations regarding Defendant Noble leaving trays of food out on one occasion do not satisfy the adverse action element. Moreover, even assuming, without deciding, that Plaintiff had alleged sufficient facts regarding Defendant Noble leaving out the trays of food to show that this was an adverse action, Plaintiff's claim fails at the third element because he fails

to allege any facts to suggest that Defendant Noble's actions were because of the grievances or Plaintiff's previously filed lawsuit.

Specifically, Plaintiff has not pled sufficient facts to state the third element of his retaliation claim because his own allegations show that Defendant Noble left the trays of food on the counter on December 30, 2022, *before* the lawsuit or any grievances were filed. (*See id.*, PageID.3, 4, 5; *see also Harvey v. Yoder et al.*, No. 1:23-cv-45 (W.D. Mich.).) Further, Plaintiff does not allege that Defendant Noble specifically knew about the lawsuit before it was filed, only that certain events "happen[ed] right after *the food service* found [out] that [Plaintiff] filed a lawsuit . . . ." (Compl., ECF No. 1, PageID.4 (emphasis added).) Moreover, even though Plaintiff alleges he filed grievances before filing his prior lawsuit, he fails to allege the dates of the filed grievances and fails to allege any facts to indicate that Defendant Noble had knowledge of Plaintiff's grievances, which were filed against other staff. (*Id.*, PageID.3.) Plaintiff only provides the conclusory statement that Defendant Noble's actions were intended to cause Plaintiff to lose his job but provides no facts to indicate that the grievances against other staff, if they were indeed submitted before Defendant Noble left trays of food on the counter overnight, were the motivating factor in Defendant Noble's actions. (*See* Compl., ECF No. 1, PageID.3, 4.) Simply put, there are no *facts* to indicate that Plaintiff's grievances or lawsuit against the non-parties were filed before Defendant Noble left the trays of food out or that Defendant Noble had knowledge or any reason to know about the grievances or lawsuit. For all of these reasons, Plaintiff's First Amendment retaliation claim premised on Defendant Noble leaving food on the counter will be dismissed for failure to state a claim.

**ii. False Statement in a Misconduct Report**

On an unspecified date, Plaintiff filed a grievance and claims that "*food service* was informed of that grievance [by] the end of February [2023]." (*Id.*, PageID.5 (emphasis added).)

Plaintiff "predicted future retaliation" in this grievance, and on March 4, 2023, "*food service* wrote a false misconduct that terminated [Plaintiff] from a new [job] position." (*Id.*, PageID.4, 5 (emphasis added).) The misconduct report referenced by Plaintiff related to Defendant Noble chasing another inmate and the other inmate handing a pan of stolen sugar to Plaintiff, who states he believed it had vegetables for his own trays. (*Id.*, PageID.5.) Plaintiff was found guilty of this misconduct on March 22, 2023, "because of [Defendant] food service Noble's statement, which was false." (*Id.*, PageID.5.) Plaintiff does not specify the content of Defendant Noble's false statement. (*See id.*)

In general, the issuance of a misconduct ticket constitutes adverse action. However, here, Plaintiff does not allege that Defendant Noble issued the misconduct ticket; instead, he alleges that it was issued by "food service."[3] (*Id.*, PageID.5.) Plaintiff's retaliation claim, premised on Defendant Noble's false but unknown statement in the misconduct hearing report, fails at the third element because he fails to allege any facts to suggest that Defendant Noble's false statement was prompted by Plaintiff's grievance filed in early 2023. Although Defendant Noble provided his "false" statement after Plaintiff had submitted a grievance, suggesting temporal proximity, the Sixth Circuit has been reluctant to find that temporal proximity between the protected conduct and an official's adverse conduct, standing alone, is sufficient to establish a retaliation claim. *Compare Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)), *and Briggs v. Westcomb*, No. 19-1837 (6th Cir. Mar. 10, 2020) (unpublished) (holding that allegations of temporal proximity were sufficient where the filing of retaliatory misconduct by correctional officers occurred six days after Plaintiff filed a grievance

[3] As discussed above, claims against a group of Defendants, such as "food service," fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. *See supra* Section II.B.; *see also* Fed. R. Civ. P. 8(a)(2).

against a medical provider, but only one day after the provider learned of the grievance), *with Hill*, 630 F.3d at 476 (discussing that the Sixth Circuit has been reluctant to find that temporal proximity alone shows a retaliatory motive). Here, Plaintiff's only allegation regarding Defendant Noble's motive in issuing a false statement stems from Plaintiff's grievance filed on an unspecified date in early 2023 against unspecified staff, and Plaintiff alleges no facts to suggest that Defendant Noble had knowledge of this grievance. Plaintiff's allegations do not even provide the allegedly false statement made by Defendant Noble regarding the misconduct report that presumably involved Plaintiff's suspected involvement in the other inmate's theft. (*See* Compl., ECF No. 1, PageID.5.) Under these circumstances, despite the temporal proximity between the grievance and Defendant Noble's false statement, Plaintiff alleges no *facts* from which to reasonably infer that Defendant Noble's false statement was motivated by any protected conduct. And, Plaintiff's vague suggestion of temporal proximity alone is insufficient to show a retaliatory motive. *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *see Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))). Lastly, Plaintiff's grievance filed after the misconduct hearing report on March 22, 2023, occurred after Defendant Noble's false statement and therefore, could not be the motivating factor behind his false statement.

Accordingly, for these reasons, Plaintiff's First Amendment retaliation claim premised on Defendant Noble's false statement in the misconduct hearing report will be dismissed for failure to state a claim.

### 2. Fourteenth Amendment Substantive Due Process Claim

As detailed above, Plaintiff claims that Defendant Noble made a false statement in connection with the misconduct hearing report issued on March 22, 2023. (*See* Compl., ECF No. 1, PageID.4, 5.) The Court construes this allegation to raise a Fourteenth Amendment substantive due process claim.[4]

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the

[4] Plaintiff's allegations regarding the issuance of the misconduct report, the loss of his job, and the loss of his property during a cell search may further indicate potential due process claims, however, as noted earlier in this opinion, Plaintiff attributes these events to either "food service" or unnamed non-party Defendants. Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). Accordingly, any intended claims against the non-party individuals discussed in the complaint will be dismissed for failure to state a claim upon which relief may be granted.

conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Moreover, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273–75 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

To state a substantive due process claim, "a 'plaintiff must show as a predicate the deprivation of a liberty or property interest,' as well as 'conscience-shocking conduct.'" *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 766 (6th Cir. 2020) (quoting *Guertin v. State*, 912 F.3d 907, 922 (6th Cir. 2019)). That is, a plaintiff must first show "a deprivation of a constitutionally protected liberty interest" and then show that "the government's discretionary conduct that deprived that interest was constitutionally repugnant." *Id.* at 765 (quoting *Guertin*, 912 F.3d at 922).

Here, Plaintiff's substantive due process claims are entirely conclusory. Plaintiff claims that Defendant Noble provided a false statement in connection with a misconduct report, and Plaintiff was found guilty because of the undescribed false statement. (Compl., ECF No. 1, PageID.5.) However, Plaintiff fails to provide any further explanation or facts to support this claim. And, the facts alleged in the complaint fall short of showing the sort of egregious conduct that would support a substantive due process claim. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (holding that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power"), *overruled in other part by Thaddeus-X*, 175 F.3d at 388; *Davis v.*

*Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016). Therefore, Plaintiff's Fourteenth Amendment substantive due process claim will be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: September 29, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge